**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2025

MIRABEL KIEN NGUTI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A95-895-532)

Submitted:  May 26, 2006              Decided:  June 13, 2006

Before WILLIAMS, MOTZ, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Eric W. Marsteller, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mirabel Kien Nguti, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*]  Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2006), the immigration judge's decision is the final agency determination.  See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

Nguti challenges the immigration judge's finding that her testimony was not credible, and that she otherwise failed to meet her burden of proof to qualify for asylum.  We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).  We uphold credibility determinations of the immigration judge if they are supported by substantial evidence.  See Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence

---

[*]Nguti withdrew her Convention Against Torture claim before the immigration judge.

supports the immigration judge's credibility finding, as well as his conclusion that Nguti failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, as Nguti cannot sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of removal. See Camara, 378 F.3d at 367 ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -